**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Hardesty Trucking, LLC, a Wyoming limited liability company, | ) ) ) | **ORDER DENYING MOTION TO DISMISS** |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| Mann Enterprises, LLC, a North Dakota limited liability company, | ) ) ) | Case No. 4:12-cv-138 |
| Defendant. | ) ) | |

Before the court is a Motion to Dismiss Defendant's Counterclaim filed by plaintiff on November 16, 2012. For the reasons set forth below, the motion is denied without prejudice.

## I.   BACKGROUND

Plaintiff is a Wyoming-based company that, amongst other things, repairs and maintains semi trucks and equipment. It initiated the above-entitled action against defendant, a North Dakota trucking company, on October 16, 2012, for breach of contract and unjust enrichment. According to its complaint, it was hired in June 2010 to service defendant's trucks and equipment in the field and at defendant's shop in New Town, North Dakota. Purportedly at defendant's behest, it hired two full-time employees to keep up with all of the work required on defendant's trucks. Between June 2010 and April 2011, its employees worked on multiple trucks owned by defendant. However, since July 2010, it has not received payment from defendant on more than ten separate invoices.

Defendant filed an answer to plaintiff's complaint on October 26, 2012. It denied ever having contracted with plaintiff or directing plaintiff to hire additional staff. It also asserted a counterclaim against plaintiff that is addressed in more detail below.

On November 16, 2012, plaintiff filed a Motion to Dismiss Defendant's Counterclaim pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff argues that defendant's counterclaim is simply too vague to state a claim, making it difficult, if not impossible, to formulate a meaningful response.

On December 6, 2012, defendant filed a response in opposition to plaintiff's motion. It takes umbrage to plaintiff's characterization of its counterclaim, insisting that it has provided plaintiff with sufficient notice of its claims. However, in the event the court were to conclude otherwise, it requests leave to amend its counterclaim to include a report of its forensic accountant's examination of plaintiff's invoices.[1]

On December 20, 2012, plaintiff filed a reply in support of its motion. It avers that the counterclaim is fundamentally flawed, to wit: it is factually deficient and otherwise fails to set forth the elements necessary to establish a cause of action. As plaintiff's motion has now been fully briefed, it is ripe for the court's consideration.

## II.  STANDARD OF REVIEW

Under Fed. R. Civ. P. 8(a), a pleading need only include a short and plain statement showing that the pleader is entitled to relief and a demand for the relief sought to properly state a claim. The only exceptions are those set forth in Fed. R. Civ. P. 9, which requires that certain claims be pled with more particularity.

While detailed factual allegations are not required to state a claim under Rule 8(a), the pleading to state a claim requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A pleading that only "offers labels and

---

[1] Attached to defendant's response in opposition to plaintiff's motion is the affidavit of Shawn M. Stumphf, a certified public accountant retained by defendant to forensically audit plaintiff's invoices. (Docket No. 19). In his affidavit, Mr. Stumphf attests to his preliminary findings that plaintiff was overinvoicing defendant. (Id.).

conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotations omitted). That being said, certain claims may not require much to state a claim, as indicated by a number of the forms in the Appendix of Forms attached to the Federal Civil Rules.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. at 678 (internal quotation omitted); see also ADP, Inc., v. Barth Peffer, Inc., No. 07-cv-055, 2008 WL 163632 at *1-2 (D.N.D. Jan. 17, 2008) (evaluating a motion to dismiss a counterclaim under Rule 12(b)(6) in the same manner as a motion to dismiss a complaint).

### III. DISCUSSION

The court agrees that defendant's counterclaim in this case is not a model of pleading and that it is unclear exactly all of what is being claimed. For example, paragraph I of the counterclaim alleges, in part, that truck parts were ordered and purchased from vendors, including the NAPA store in Killdeer, North Dakota, by plaintiff for use in doing repair work on plaintiff's trucks and trucks of third parties without defendant's consent. But what is not clear is whether this allegation is simply a recitation of fact that goes to show that plaintiff was doing work for persons other than defendant, or whether defendant is alleging that the truck parts were charged to an account owned by defendant and that defendant has suffered damage as a consequence. If the latter is intended, the allegations are insufficient to support a claim.

Likewise, in both paragraphs I and II there are similar references to equipment and tools having been purchased and used, but the allegations are confusing regarding whether or not it was with or without permission - except, perhaps for the tools from the NAPA store. Then, with respect to the allegation in paragraph II that plaintiff took equipment and tools that had been purchased with

3

defendant's money or credit account, it does not say it was unauthorized. Again, basic allegations are either missing or, at best, not very clearly stated.

Similarly in paragraph IV, and putting aside Rule 9 requirements for pleading fraud with particularity, defendant alleges that plaintiff submitted false and fraudulent invoices to defendant, but does not claim that defendant relied upon the invoices and made payments on them, much less allege that any damage resulted. Again, basic allegations necessary to state a claim are missing if one is intended with respect to the invoices.

While the court makes these observations, the issue under Rule 12(b)(6) is not the sufficiency of all of the claims that may be intended by the pleading. Rather, the question is whether the pleading must be dismissed for failure to state a claim.

Here, the court concludes that defendant has alleged just enough to state a claim for common law trespass. Defendant alleges in paragraph I that plaintiff occupied and used defendant's shop beginning on September 7, 2010, and in paragraph II alludes to an additional period of time after November 26, 2010, when plaintiff left the shop, that plaintiff later continued to use it. Defendant alleges in paragraphs I and II that the use of the shop was unauthorized. Defendant further alleges that a fair rental value for this unauthorized use would be $10,000 per month.

While the facts that have been pled with respect to this claim are minimal and while the time periods encompassed by the claimed trespass are less than clear, this is more "than an unadorned, the-defendant-unlawfully-harmed-me accusation." And, the fact that what has been pled is sufficient is in substantial part reflective of the nature of the claim. Or, to state it differently, pleading a claim for trespass is comparable to pleading negligence, which does not require much to state a claim as suggested by Form 11 in the Appendix of Forms accompanying the Federal Civil

Rules of Procedure; the claim is not on par with one for violation of civil rights or antitrust that are the subject of <u>Iqbal</u> and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), respectively.

Consequently, since at least one claim has been stated, the motion to dismiss the counterclaim for failure to state a claim under Rule 12(b)(6) will be denied.  No opinion is expressed whether defendant has properly pled any another claim.

**IV.    ORDER**

Plaintiff's Motion to Dismiss Defendant's Counterclaim (Docket No. 12) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 7th day of February, 2013.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court